UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Dale Aten, ) | C/A No. 3:20-cv-01390-DCC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Kershaw County Sheriff's Office Lee Boan; ) | |
| Kershaw County Counsel Jimmy Jones; Al Bozard, ) | |
| Julian Burns, Sammie Tucker, Ben Connell, Tom ) | |
| Gardner, David Snodgrass, Darrell Benson, ) | |
| Victor Carpenter, Tyrell Cato, Erica Anderson, ) | |
| Iva Lyles, Shanice Drakeford; S.C.D.S.S State ) | |
| Director Michael Leach; Commissioner of S.S.A ) | |
| Andrew Saul, All in their individual and/or ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on the Motions filed by Plaintiff on May 5, 2020: Motion to Request Recusal, ECF No. 20; Motion for the Appointment of Counsel, ECF No. 21; Motion for a Continuance, ECF No. 22; and Motion to Request a Change of Venue, ECF No. 23. Defendants responded to Plaintiff's Motions on May 19, 2020, ECF Nos. 27-30, and Plaintiff's Motions are now ripe for review. The undersigned will address each motion in turn.

1. **Plaintiff's Motion for Recusal, ECF No. 20**

In his Motion for Recusal, ECF No. 20, Plaintiff maintains the undersigned overlooked pertinent facts in previous cases he had before the court. Further, he contends the undersigned gave "a pass" to state agencies and was incompetent. *Id.* Finally, he argues the undersigned showed a bias in favor of South Carolina and took one of Plaintiff's responses as a "threat." *Id.*

A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias . . . concerning a party. . . ." *Id.* § 455(b)(1). The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. The undersigned has no bias towards any party in this matter, and rulings on matters in prior cases would have no influence over a decision made in this case. *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Accordingly, Plaintiff's Motion for Recusal, ECF No. 20, **is denied**.

2. **Plaintiff's Motion to Appoint Counsel, ECF No. 21**

In his Motion to appoint counsel, ECF No. 21, Plaintiff maintains several of his previous cases had to go on to the Fourth Circuit Court of Appeals "not because the complaints were baseless, but because the Plaintiff lacked adequate legal representation." There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity

of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). Having reviewed Plaintiff's Motion, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel. *Whisenant*, 739 F.2d at 160. Accordingly, Plaintiff's Motion to Appoint Counsel, ECF No. 21, is ***denied***.

3. **Plaintiff's Motion for a Continuance, ECF No. 22**

Plaintiff seeks a continuance "to avert a miscarriage of justice before any other judgements. . . ." because (1) Defendants have all requested to be dismissed prior to discovery; (2) Plaintiff requested the undersigned recuse herself, and a scheduling order should allow for a necessary time frame; and (3) the stay-at-home policies adopted by governmental authority require same. *See* ECF No. 22. It appears Plaintiff is seeking a scheduling order to allow discovery in this matter, but this motion, ECF No. 22, ***is denied as premature***. The undersigned will revisit whether to issue a scheduling order should it be recommended that the pending dispositive motions be denied.

4. **Plaintiff's Motion to Request a Change of Venue**

Finally, Plaintiff requests that the court change venue in this matter because he has "no expectation of a fair trial inside the boundaries of South Carolina. . ." ECF No. 23. Plaintiff maintains he cannot have a fair trial based on the rulings in previous lawsuits before the court. *See id.* According to Local Civil Rule 3.01(A)(1), venue is proper in the division "[w]here any natural defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where any corporate/other organization defendant does business relating to the events or omissions alleged." The local rules also allow the Court the power to transfer cases "from one division to another division on motion of any party for good cause shown or sua sponte. . ." Loc.

Civ. R. 3.01(C). Furthermore, 28 U.S.C.A § 1404(a) allows the Court to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" or in "the interest of justice." In ruling on a motion to change venue, the Court should consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness and convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

The events giving rise to Plaintiff's lawsuit occurred in Kershaw County, South Carolina, and the majority of witnesses are located there. There is no supporting allegation or evidence presented, that demonstrates Plaintiff would not receive a fair trial in this division or anywhere else in the state. Therefore, based on the location of Plaintiff's initial filings, the South Carolina Court of Common Pleas for the County of Kershaw, and the mandates of the rules discussed above, Plaintiff's Motion to Change Venue, ECF No. 23, is ***denied***.

IT IS SO ORDERED.

July 21, 2020
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge