IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brian Dale Aten, | ) | Case No. 3:20-cv-01390-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lee Boan, Jimmy Jones, Al Bozard, Julian Burns, Sammie Tucker, Ben Connell, Tom Gardner, David Snodgrass, Darrell Benson, Victor Carpenter, Tyrell Cato, Erica Anderson, Iva Lyles, Shanice Drakeford, SCDSS State Director Michael Leach, Commissioner of SSA Andrew Saul, | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Lee Boan, Jimmy Jones, Al Bozard, Julian Burns, Sammie Tucker, Ben Connell, Tom Gardner, David Snodgrass, Darrell Benson, Victor Carpenter, Tyrell Cato, Erica Anderson, Iva Lyles, and Shanice Drakeford's motion to dismiss; Defendant Michael Leach's supplemental motion to dismiss; and Defendant Andrew Saul's motion to dismiss and amended motion to dismiss. ECF Nos. 4, 15, 37, 41. Plaintiff filed responses in opposition to the motions. ECF Nos. 18, 19, 46. Defendant Saul filed a reply. ECF No. 47. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On October 9, 2020, the Magistrate Judge issued a Report

recommending that motions [4, 15, 41] be granted and this action be dismissed.[1] ECF No. 49. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[2]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Magistrate Judge recommends that motion [37] be dismissed as moot.

[2] Plaintiff has filed a motion for summary judgment and a demand for jury trial in the time since the Magistrate Judge issued the Report. ECF No. 51, 52. These documents will be discussed below.

## ANALYSIS

Plaintiff's claims stem from his arrest in 2019. He contends that Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983 as well as various other claims. While Plaintiff did not file specific objections to the Report, out of an abundance of caution for a pro se plaintiff, the Court has conducted a de novo review of the record in this case, the Report, and the applicable law. The Court finds that the Magistrate Judge provides a thorough recitation of the facts and applicable law and specifically incorporates those portions of the Report by reference.

The Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim as his amended complaint does not meet the requirements of Federal Rule of Civil Procedure 8. In his amended complaint, Plaintiff lists six violations under "Breach of Trust" and various statutes, cases, and constitutional amendments without explanation as to how they support his causes of action. Plaintiff also alleges specific facts only as to Deputy Reeder, who is not a defendant to this action. With respect to the named Defendants, the undersigned finds that Plaintiff has failed to allege sufficient facts to state a cause of action against any named Defendant. Accordingly, the amended complaint is subject to dismissal.

To the extent Plaintiff intended to name the Kershaw County Sheriff's Office as a defendant, he has failed to allege sufficient facts to allege a federal cause of action. To plead a plausible claim for relief under § 1983 against an entity, like a sheriff's office, a plaintiff must allege that an action taken pursuant to an official policy or custom caused

3

the constitutional violation.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).  Plaintiff has made no such allegation.

In his motion for summary judgment, Plaintiff states that, while housed at the Kershaw County Detention Center, he was not permitted to take his medications and was housed with violent offenders.  He further asserts that he was forced to walk 18 miles back home while disabled when he was released.  ECF No. 51.  As an initial matter, the Kershaw County Detention Center is not a named defendant to this action.  However, even if it were a defendant, it would be entitled to dismissal because it is not a "person" amenable to suit under § 1983.  *See Pennington v. Kershaw Cnty., S.C.*, C/A No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) ("As a facility used primarily to house pretrial detainees, the Kershaw County Detention Center is not a 'person' amenable to suit under § 1983.").

Because the above is dispositive of this action, the Court declines to address the remainder of the Magistrate Judge's Report; however, the undersigned notes that he agrees with the Magistrate Judge's analysis.  To the extent Plaintiff is requesting criminal prosecution of any Defendant, that relief is unavailable as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).  Further, prosecutorial discretion does not reside in the judicial branch.  The decision whether or not to prosecute, and what charge

4

to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## CONCLUSION

Accordingly, the Court adopts the Report of the Magistrate Judge. Defendants' motions to dismiss [4, 15, 41] are **GRANTED**. Defendant Saul's[3] motion to dismiss [37] is **DISMISSED as MOOT**. Plaintiff's motion for summary judgment [51] is **DISMISSED as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 27, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] The Court notes that Plaintiff may have agreed to voluntarily dismiss Defendant Saul in his response to Defendant Saul's motion. *See* ECF No. 46. Regardless, the Court finds that Defendant Saul should be dismissed from this action for the reasons stated above.